UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| GERALD SIMMONS AND GLENDA SIMMONS § § § | |
| Plaintiffs, § § | CIVIL ACTION NO. 4:15-cv-374 |
| v. § § | JURY |
| NORTHFIELD INSURANCE COMPANY AND JOHN KYLE KARST § § § | |
| Defendants. § | |

## DEFENDANT NORTHFIELD INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant Northfield Insurance Company ("Northfield") files its Notice of Removal of this action from the 393rd Judicial District Court of Denton County, Texas to the United States District Court for the Eastern District of Texas, Sherman Division, the District and Division encompassing the state court in which this action is pending. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof, Northfield shows this Court as follows:

1. On April 27, 2015, Plaintiffs Gerald Simmons and Glenda Simmons ("Plaintiffs") filed an Original Petition (the "Complaint") in the 393rd Judicial District Court of Denton County, Texas, styled *Gerald Simmons and Glenda Simmons v. Northfield Insurance Company John Kyle Karst*, where it was assigned Cause No. 15-03444-393.

2. On May 1, 2015, Northfield was served with a citation and the Complaint. Removal is timely because thirty (30) days have not elapsed since Northfield was served with a summons or citation. 28 U.S.C. §1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526

U.S. 344, 354 (1999) (holding that the 30-day deadline to remove begins on the date the summons or citation is served even if the complaint is received at a prior date).

3. Northfield is, contemporaneously with the filing of this Notice, giving written notice of filing of this Notice of Removal to the clerk of the 393rd Judicial District Court of Denton County, Texas, and will serve a copy of the Notice of Removal on Plaintiffs.

4. In accordance with Local Rule CV-81, attached are the following:

**Exhibit A:** A list of all parties in the case, their party type, current status of the removed case, list of the attorneys involved in the action, a record of the party that requested trial by jury, if any, and the name and address of the court from which the case is being removed;

**Exhibit B:** A copy of the state court docket sheet;[1] and

**Exhibit C:** A copy of all pleadings that assert causes of action, answers to such pleadings, and process and orders served on Northfield.

### GROUND FOR REMOVAL: DIVERSITY

5. This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different States where the matter in controversy exceeds $75,000.

**(a) The amount in controversy exceeds the federal minimum jurisdictional requirements.**

6. "Plaintiffs seek monetary relief over $200,000.00 but not more than $1,000,000.00." *See* Ex. C-1 at p. 20. Accordingly, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

---

[1] Northfield requested a certified copy of the docket sheet from the Denton County District Clerk, but had not yet received it at the time this Notice of Removal was filed. Upon receipt, Northfield will promptly supplement its Notice of Removal.

### (b) Complete diversity between Plaintiffs and Northfield exists.

7. Plaintiffs were at the time of the filing of this action, have been at all times since, and are still individual resident citizens of the State of Texas. For diversity purposes, an individual is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and principal establishment, to which he has the intention of returning home whenever he is absent therefrom. *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). Accordingly, Plaintiffs are citizens of Texas.

8. Under the diversity statute, corporations "shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and the state or foreign state where it has its principal place of business. . . ." 28 U.S.C. § 1332(c)(1). Northfield is a corporation organized under the laws of the State of Iowa with its principal place of business in the State of Connecticut. Accordingly, Defendant is a citizen of Iowa and Connecticut.

### (c) Defendant John Kyle Karst was improperly joined.

9. Defendant John Kyle Karst ("Karst") was improperly joined and, therefore, his citizenship can be disregarded for purposes of diversity jurisdiction.

10. "The citizenship of an improperly-joined defendant is disregarded for the purpose of diversity jurisdiction." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699-700 (5th Cir. 1999); *see also Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir. 2001), *cert. denied*, 534 U.S. 997 (2001); *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 101-02 (5th Cir. 1990). Improper joinder is established by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant. *See Smallwood v. Illinois Centr. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). When assessing the plaintiff's inability to establish a cause of action, the court conducts "a Rule

12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005) (citing *Smallwood*, 385 F.3d at 573).

11.     A recent case out of the Northern District of Texas demonstrates why Karst was improperly joined. *Plascencia v. State Farm Lloyds*, 4:14-CV-00524-A (N.D. Tex. Sept. 25, 2014) (McBryde, J.)[2] In *Plascencia*, a case involving a hail damage claim against an insurance company, the court determined the non-diverse insurance adjuster had been improperly joined because the allegations against him were "mere conclusory allegations" and failed to allege facts that "would plausibly lead to the conclusion that plaintiff suffered any damage by reason of [the adjuster's] conduct." *Plascencia*, 4:14-CV-00524-A, at *14.  Further, the court determined that because plaintiff's "focus, and true complaint, has to do with [the insurer's] failure to pay plaintiff what plaintiff says he should receive under the terms of his insurance policy," there was "no reasonable basis for the court to predict that plaintiff might be able to recover" from the adjuster. *Id.* at *15.  The allegations against the adjuster in *Plascencia* were identical to the allegations in the present suit.  Counsel for Plaintiffs also served as counsel for the insured in *Plascencia* and it appears that in both cases, a boilerplate form pleading was utilized.  As in *Plascencia*, Plaintiffs' allegations against Karst are conclusory and Plaintiffs' "true complaint" has to do with Northfield's failure to pay Plaintiffs what Plaintiffs claim they should receive under the terms of the insurance policy. *Plascencia*, 4:14-CV-00524-A, at *15.

12.     Another recent case out of the Northern District of Texas further demonstrates why Karst was improperly joined.  *Together 6 LLC v. Burlington Ins. Co.*, 4:15-CV-00064-Y

---

[2] A copy of the *Plascencia* opinion is not available on Westlaw; therefore, it is attached for reference as Exhibit D.

(N.D. Tex. April 22, 2015) (Means, T.)[3] As with *Plascencia*, the allegations against the adjustor in *Together 6* are identical to the allegations against Karst in the Complaint, and the court again determined that the adjustor had been improperly joined.

13. Accordingly, because the allegations against Karst are conclusory and made solely to destroy diversity jurisdiction, his citizenship should be disregarded because he was improperly joined.

14. Karst's consent to this removal is not required because he was improperly joined. *See Rico v. Flores,* 481 F.3d 234, 239 (5th Cir. 2007) ("[A] removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined"); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). Nevertheless, Karst has consented to removal. *See* Ex. F.

15. Accordingly, because the amount in controversy exceeds $75,000 and Plaintiffs are citizens of Texas while no properly joined defendant is a citizen of Texas, this Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332. Removal is therefore proper.

WHEREFORE, Northfield prays that the above-described action now pending in the 393rd Judicial District Court of Denton County, Texas be removed to this Court.

---

[3] A copy of the *Together 6* opinion is not available on Westlaw; therefore, it is attached for reference as Exhibit E.

Respectfully submitted,

  */s/ Wm. Lance Lewis*
WM. LANCE LEWIS
State Bar No. 12314560
ALISSA PUCKETT
State Bar No. 24056886
**QUILLING, SELANDER, LOWNDS,
  WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Phone)
(214) 871-2111 (Fax)
llewis@qslwm.com
apuckett@qslwm.com

**ATTORNEYS FOR DEFENDANTS
NORTHFIELD INSURANCE COMPANY
AND JOHN KYLE KARST**

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing pleading has been furnished to counsel of record as provided below, via certified mail, return receipt requested, in accordance with the Federal Rules of Civil Procedure, this 29th day of May 2015:

Eric Quiroz
SPEIGHTS & WORRICH
1350 N. Loop 1604 E., Suite 104
San Antonio, Texas 78232
(210) 495-6790 (Fax)

  */s/ Wm. Lance Lewis*
Wm. Lance Lewis