# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| GERALD SIMMONS AND | § | |
| GLENDA SIMMONS | § | |
| | § | |
| V. | § | CASE NO. 4:15-CV-374 |
| | § | Judge Mazzant |
| NORTHFIELD INSURANCE | § | |
| COMPANY AND JOHN KYLE KARST | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Opposed Motion to Remand (Dkt. #8). Having considered the relevant pleadings, the Court is of the opinion that the motion to remand should be granted.

## BACKGROUND

Plaintiffs originally filed this action in the 393rd Judicial District Court of Denton County, Texas, against Defendants Northfield Insurance Company ("Northfield"), and John Kyle Karst ("Karst"). The petition stems from the alleged wrongful and unfair adjustment of Plaintiffs' insurance claim for property damages caused by wind/hail on or about April 3, 2014. The petition asserts that Northfield and Karst conducted an unfair investigation of Plaintiff's' claim and violated their duties and obligations under the Texas Insurance Code Chapter 542, and the Texas Deceptive Trade Practices Act, among other theories of unfair claims settlement practices.

Northfield removed this matter based upon diversity jurisdiction, asserting that Karst was improperly joined because Plaintiffs' petition fails to plead specific factual allegations regarding Karst that form the basis of any cause of action against him individually. On July 10, 2015, Plaintiffs filed a motion to remand (Dkt. #8). On July 24, 2015, Northfield filed a response (Dkt. #9). On July 31, 2015 Plaintiffs filed a reply (Dkt. #10).

Plaintiffs are individual resident citizens of the State of Texas. Northfield is a corporation organized under laws of the State of Iowa with its principal place of business in the State of Connecticut. Accordingly, Northfield is a citizen of Iowa and Connecticut. Karst is an individual citizen of Texas, and Northfield asserts that Karst was improperly joined.

## LEGAL STANDARD

A defendant may remove any civil action from state court to a district court of the United States which has original jurisdiction. 28 U.S.C. § 1441. District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Weaver v. Zurich Am. Ins. Co.*, No. H–10–1813, 2010 WL 3910053, at *1 (S.D. Tex. Oct.1, 2010). The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir.2007). A district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Groupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004).

"When assessing whether diversity jurisdiction exists, a court must disregard non-diverse citizenship of an improperly joined defendant." *Doucet v. State Farm Fire and Cas. Co.*, No. 1:09–CV–142, 2009 WL 3157478, at *4 (E.D. Tex. Sept. 25, 2009) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572–73 (5th Cir. 2004)). A defendant who contends that a non-diverse party

2

is improperly joined has a "heavy" burden of proof. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citation omitted). "In making its determination, the court must ordinarily evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Green*, 707 F.2d at 205.

"The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Great Plains Trust*, 313 F.3d at 312 (quoting *Green*, 707 F.2d at 205). After the Court resolves all disputed questions of fact and all ambiguities in controlling state law in favor of the plaintiff, the Court determines whether the plaintiff has any possibility of recovery against the party whose joinder is questioned. *Id.* (citation omitted). If there is a reasonable basis for predicting that the state law might impose liability on the facts of the case, then there is no fraudulent joinder. *Id.* (citation omitted). This possibility must be reasonable and not just theoretical. *Id.*

A determination of improper joinder must be based on an analysis of the causes of action alleged in the complaint at the time of removal. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). "A district court should ordinarily resolve [claims of] improper joinder by conducting a Rule 12(b)(6)-type analysis." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 n.6 (5th Cir. 2005); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). "[I]f a plaintiff can survive a Rule 12(b)(6)-type challenge, there is generally no improper joinder." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005) (citation omitted); *Smallwood*, 385

3

F.3d at 573. The Court, however, must carefully distinguish an attack on the overall merits of the case from a showing that defendants were improperly joined in order to defeat diversity. *See Smallwood*, 385 F.3d at 573; *see also Gasch* 491 F.3d at 284. However, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). There are cases in which a further summary inquiry is appropriate to "identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74; *Guillory*, 434 F.3d at 311.

## ANALYSIS

The question for the Court is whether the Defendants have shown that Plaintiffs have *no possibility* of establishing a valid cause of action against the non-diverse defendant, Karst. Defendants assert that Plaintiffs' state court petition does not sufficiently allege any possibility of recovery against Karst.

The first question the Court must decide is which standard to apply to examining Plaintiffs' state court petition. Plaintiffs ask the Court to apply the less stringent Texas notice standard where Defendants ask the Court to apply the federal standard. This issue has not been decided by the Fifth Circuit. Plaintiffs point to several cases to support applying the Texas pleading standard, but none of the cases cited are Eastern District cases. (Dkt. #8 at pp. 4–5). Eastern District courts have consistently held that the federal pleading-sufficiency standard applies to analyzing improper joinder. *See Doucet*, 2009 WL 3157478, at *5; *First Baptist Church of Mauriceville, Tex. v. Guideone Mut. Ins. Co.*, No. 1:07-CV-988, 2008 WL 4533729, at *4 (E.D. Tex. Sept.29, 2008); *King v. Provident Life and Accident Ins. Co.*, No. 1:09-CV-983, 2010 WL 2730890, at *4 (E.D. Tex. June 4, 2010). The Court will follow the Eastern District pattern and follow the federal pleading

4

standard; *but see Holmes v. Acceptance Cas. Ins. Co.*, 942 F. Supp. 2d 637, 646 (E.D. Tex. 2013).

The Court must determine whether Plaintiffs have set forth "specific actionable conduct" to support their claim against the non-diverse Karst. *King v. Provident Life & Acc. Ins. Co.*, No. 1:09-CV-983, 2010 WL 2730890, at *1 (E.D. Tex. June 4, 2010) *report and recommendation adopted*, No. 1:09-CV-983, 2010 WL 2730888 (E.D. Tex. July 9, 2010) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir.1999)). "Whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery." *Id.* (quoting *Griggs*, 181 F.3d at 701).

This means that the state-court petition must allege facts sufficient to establish the essential elements of each asserted cause of action. *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir.1994); *Chemtreat, Inc. v. Chemtech Chem. Servs., LLC*, No. 1:07–CV–146, 2007 WL 4353420, at *5 (E.D. Tex. Dec. 7, 2007); *Omda Oil and Gas, Inc. v. Young Oil, Corp.*, No. 3:06–CV–439M, 2006 WL 1343640, at *2 (N.D. Tex. May 17, 2006). Merely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant. *See Griggs*, 181 F.3d at 699.[1] Merely asserting a laundry list of statutory violations without factual support as to how a non-diverse defendant violated the statute will not suffice. *Doucet*, 2009 WL 3157478, at *5. However, the joinder of an in-state, non-diverse defendant is proper as long as the plaintiff's petition contains factual allegations sufficient to render one of the statutory claims plausible. *Escuadra v. Geovera Specialty Ins. Co.*, 739 F. Supp. 2d 967, 985 (E.D. Tex. 2010).

---

[1]Northfield argues that this error is present in the Plaintiffs' state court petition. However, Plaintiffs' petition specifically names Karst and alleges certain actions that are only attributable to him and not Northfield. (Dkt. #3 at pp. 3–6, ¶¶ H, I, U).

There is at least one plausible legal claim against Karst for which he could be held liable under the Texas Insurance Code. Texas law provides a person may not engage in unfair or deceptive acts or practices in the business of insurance. TEX. INS. CODE §541.003. A "person" means an "individual […] engaged in the business of insurance including an […] adjuster." TEX. INS. CODE §541.002 (2). The "business of insurance" includes "directly or indirectly acting as an agent for or otherwise representing or assisting an insurer or person in: (E) inspecting a risk." TEX. INS. CODE §101.051 (b)(6)(E). The Texas Supreme Court and the Fifth Circuit have found that adjusters can be held individually liable. *See Vail v. Texas Farm Bureau Mut. Ins. Co.*, 754 S.W.2d 129, 132 (Tex.1988) (holding that the adjustment of claims and losses qualifies as the business of insurance, thus making an adjuster a "person" under the Insurance Code); *Gasch*, 491 F.3d at 282 (holding that an insurance adjuster who services a policy engages in the business of insurance and therefore could be held individually liable under the Texas Insurance Code). Eastern District courts have repeatedly found that adjusters are at least potentially liable under the Texas Insurance Code. *See Brode v. Foremost Ins. Co.,* 2015 WL 3622522, at *6 (E.D. Tex., June 9, 2015) (granting remand because plaintiff pleaded at least a single valid cause of action against the in-state defendant adjuster)*; Escuadra,* 739 F. Supp. 2d at 985 (granting remand because plaintiff's factual allegations state a plausible claim for plaintiff to recover against defendant insurance adjuster); *Jones v. Ace American Ins. Co.,* No. 1:06-CV-616, 2006 WL 3826998, at *7 (E.D. Tex., Dec. 22, 2006) (remanding case because plaintiff alleged a possible cause of action against in-state defendant adjuster).[2]

---

[2] District courts within the Fifth Circuit have held insurance adjusters at least potentially liable for their actions. *See Esteban v. State Farm Lloyds*, 23 F. Supp. 3d 723, 729–31 (N.D. Tex. 2014); *Yeldell v. GeoVera Specialty Ins. Co.*, No. 3:12-CV-1908-M, 2012 WL 5451822, at *4 (N.D. Tex. Nov. 8, 2012); *Centaurus Inglewood, LP v. Lexington Ins. Co.*, 771 F. Supp.2d 66, 670-71 (S.D. Tex. Feb. 9, 2011) (finding unpersuasive defendants' arguments that plaintiff could not state a claim under the Texas Insurance Code against defendants because they were independent adjusters); *Campos v. American Bankers Ins. Co. of Florida*, No. H-10-0594, 2010 WL 2640139, at *5 (S.D. Tex. June 30, 2010); *Lindsey-Duggan, LLC v. Philadelphia Ins. Cos.*, No. SA-o8-CA-736-FB, 2008 WL

Northfield attempts to distinguish the current case from prior cases by maintaining that adjusters can only be held liable when their responsibilities extend beyond mere evaluation and recommendation. While recent cases in the Northern District of Texas have made this distinction, other courts have failed to find such an exception. *See Together 6 LLC v. Burlington Ins. Co.*, 4:15-CV-0064-Y (N.D. Tex. April 22, 2015) (Means, T.); *One Way Investments, Inc. v. Century Sur. Co.*, No. 3:14-CV-2839-D, 2014 WL 6991277 (N.D. Tex. Dec. 11, 2014); *Plascencia v. State Farm Lloyds*, 4:14-CV-00524-A (N.D. Tex. Sept. 25, 2014) (McBryde, J.); *Messersmith v. Nationwide Fire Ins. Co.*, 10 F.Supp. 3d 721, 724 (N.D. Tex. 2014) (holding that an adjuster cannot be held liable under § 541.060(a)(2)(a) if they have no settlement authority).[3]

However, in *Linron* the court explains that while it might initially seem logical to only hold parties with settlement authority liable for settlement claims, "the precise language of § 541.060(a)(2)(a) and the role played by insurance adjusters in the claims handling process belies [this conclusion]. Section 541.060(a)(2)(A) prohibits those engaged in the business of insurance from 'failing to attempt in good faith to *effectuate* a prompt, fair, and equitable settlement.'" *Linron Properties, Ltd. v. Wausau Underwriters Ins. Co.*, 3:15-CV-00293, at *8 (N.D. Tex. July, 10, 2015) (Boyle, J.) (citing TEX. INS. CODE ANN. § 541.060(a)(2)(A) (emphasis added)). The court in *Linron*

---

5686084, at *2-3 (W.D. Tex. Dec. 15, 2008); *Blanchard v. State Farm Lloyds*, 206 F. Supp. 2d 840, 847 (S.D. Tex. 2001); *Shipley v. Nat'l Fire Ins. of Hartford*, No. 3:95-CV-0972-BC, 1998 WL 355493, at *3 (N.D. Tex. June 25, 1998).

[3]Depending upon this narrow line of cases, Northfield attempts to convince the court that Karst is not "an adjuster" under the law. However, this argument lacks merit because Northfield admits that Karst was an adjuster assigned to the Plaintiffs' claim. (Dkt. #9, Exhibit A at p. 2) Additionally, the Texas Insurance Code's plain language suggests that no final decision-making power is necessary to qualify as an adjuster under the law. The Texas Insurance Code defines an "Adjuster" as a "person who: (A) investigates or adjusts losses on behalf of an insurer as an independent contractor or as an employee of: [. . .] (v) an insurer." TEX. INS. CODE §4101.001(1). It is clear from both the language of the law that Karst, even absent final decision-making power, is an adjuster and thus is potentially individually liable under the law.

7

went on to explain,

> "The fact that the statute uses the word 'effectuate' rather than a word that conveys finality (e.g., finalize), suggests that its prohibition extends to all persons who play a role in bringing about a prompt, fair, and equitable settlement of a claim. As the persons primarily responsible for investigating and evaluating insurance claims, insurance adjusters unquestionably have the ability to affect or bring about the "prompt, fair, and equitable settlement" of claims, because it is upon their investigation that the insurance company's settlement of a claim is generally based . . . As such, a delay in an adjuster's investigation will undoubtedly cause a delay in the payment of the claim, and an insufficient investigation may well lead to a less than fair settlement of a claim." *Id.*

In this case, Plaintiffs assert that Karst violated various provisions of § 541.060, including § 541.060(a)(2)(A), by misrepresenting the damages to each of seven properties by a total of over $100,000, and refusing to identify the extent of damage to the structures that were covered under the Policy. (Dkt. #3 at pp. 4–6). Plaintiffs further allege that "Karst's misrepresentations caused Northfield to underpay Plaintiffs on their insurance claim, and, as such, Plaintiffs have not been able to properly and completely repair the damages to Plaintiffs' properties." *Id.* at 4. They also contend that "[t]his has caused additional, further damage to the Plaintiffs' properties." *Id.* Having reviewed these allegations, the Court finds them sufficient to support a claim against Karst in his individual capacity for violating § 541.060(a)(2)(A) of the Texas Insurance Code. Therefore, Defendants have failed to establish that there is no reasonable basis to predict Plaintiffs' recovery against Karst.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs' Opposed Motion to Remand (Dkt. #8) is hereby **GRANTED**, and this case is **REMANDED** to the 393rd Judicial District Court of Denton County, Texas.

**SIGNED this 2nd day of September, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE